UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA MANSFIELD,

          Plaintiff,

      v.

DAWN JONES PFAFF, et al.,

          Defendants.

CASE NO. C14-0948JLR

ORDER

## I.   INTRODUCTION

Before the court are Plaintiff Pamela Mansfield's motion for reconsideration (Mot. for Reconsid. (Dkt. # 97)), motion to certify appeal (Mot. to Cert. (Dkt. # 96)), and motion to continue (Mot. to Cont. (Dkt. # 95)), and Defendant United States of America's ("the United States") motion for summary judgment (MSJ (Dkt. # 94)).  Defendants Dr.

//

//

//

ORDER- 1

Jerry Palmer and Mara Fletcher[1] have filed responses to Ms. Mansfield's motions to certify and to continue.  (Resp. re Cert. (Dkt. # 101); Resp. re Cont. (Dkt. # 99).)  Ms. Mansfield has not filed a response to the United States' motion for summary judgment or reply memoranda in support of her motions to certify and to continue.  (*See* Dkt.)  The court has considered the submissions of the parties, the balance of the record, and the relevant law.  Being fully advised,[2] the court DENIES Ms. Mansfield's motion for reconsideration, GRANTS the United States' motion for summary judgment, DENIES Ms. Mansfield's motion to certify, and DENIES Ms. Mansfield's motion to continue.

## II.    BACKGROUND

This case arises out of a conflict between coworkers that culminated in allegations of a workplace assault and ultimately in Ms. Mansfield being fired.  The facts are discussed at length in this court's prior orders and in the parties' submissions and are only briefly summarized here.  (*See, e.g.*, 12/16/14 Order (Dkt. # 60).)  Ms. Mansfield is a nurse who worked for the University of Washington ("UW").  (3d Am. Compl. (Dkt. # 61) ¶¶ 1, 10.)  In 2007, Ms. Mansfield was appointed to work as a research nurse on a project at the Veterans Administration ("VA") office in Seattle, Washington.  (*Id.* ¶ 10.)  As part of this project she worked under Dr. Palmer and was required to hold a without

---

[1] At all times relevant to this action, Ms. Fletcher was known as Mara Fletcher.  Although her current legal name is now Mara Stevens, for ease of reference the court will continue to refer to her as Ms. Fletcher or Mara Fletcher.  (*See* anti-SLAPP Mot. (Dkt. # 40) at 4 n.5; Stevens Decl. (Dkt. # 41) ¶ 1.)

[2] No party has requested oral argument, and the court deems oral argument to be unnecessary to its resolution of these motions.

1    compensation appointment with the VA.  (*Id.*; *see* Brooks-Worrell Decl. (Dkt. # 31) ¶¶ 3-

2    4; Lovato Decl. (Dkt. # 33) ¶¶ 3-4.)  Among her colleagues on the Palmer team were

3    Dawn Jones-Pfaff and Jessica Reichow.  (3d Am. Compl. ¶¶ 4, 6, 10.)

4          At some point Ms. Mansfield and Ms. Jones-Pfaff developed animus toward one

5    another.  Each accused the other of misconduct and reported those accusations to their

6    superiors.  (*See id.* ¶ 12; Dkt. # 63-2 at 79-80, 84-85.)  Other members of the Palmer

7    team, including Ms. Reichow and Dr. Palmer, also had difficult relationships with Ms.

8    Mansfield.  (*See, e.g.*, 3d Am. Compl. ¶ 12.)  For example, Ms. Mansfield alleges that Dr.

9    Palmer disliked her and attempted to get her fired because she had reported deficiencies

10   in the research team's work.  (*See id.* ¶¶ 12-18, 34; Mot. for Reconsid. at 8-9.)

11         This intra-office conflict came to a head on March 9, 2011.  Ms. Mansfield

12   alleges that on that date Ms. Jones-Pfaff attacked her at work by sneaking up behind her

13   and slamming her head into her desk.  (3d Am. Compl. ¶ 19.)  Ms. Mansfield further

14   alleges that Ms. Jones-Pfaff and Ms. Reichow met and agreed to lie about the incident

15   and about Ms. Mansfield more generally in order to hide the alleged assault and get Ms.

16   Mansfield fired.  (*See id.*)  VA officials investigated the alleged assault, and after

17   determining that no assault occurred, terminated Ms. Mansfield's VA appointment.  (*See

18   id.* ¶ 20.)  Shortly thereafter, UW officials terminated Ms. Mansfield's UW employment.

19   (*Id.*)  Ms. Mansfield alleges that Dr. Palmer and Ms. Fletcher, a UW human resources

20   ("HR") administrator, helped get her fired in retaliation for her having reported

21   deficiencies in the research team's work.  (*See id.* ¶¶ 12, 21, 33-35; Mot. for Reconsid. at

22   8-9.)

1    Ms. Mansfield filed this suit in state court in March 2014.  (State Ct. Rec. (Dkt.

2    # 2-1) at 5.)  Her current complaint alleges four causes of action:  negligent infliction of

3    emotional distress (against Ms. Jones-Pfaff) (3d Am. Compl. ¶¶ 27-29), tortious

4    interference with a contract and civil conspiracy (against Ms. Jones-Pfaff and Ms.

5    Reichow) (*id.* ¶¶ 23-26, 30-32), and a 42 U.S.C. § 1983 claim for retaliatory firing in

6    violation of her First Amendment rights (against Dr. Palmer and Ms. Fletcher) (*id.* ¶¶ 33-

7    35).  It is undisputed that Ms. Mansfield has never filed an administrative complaint with

8    the VA concerning the events at issue in her complaint.  (*See* MSJ at 3; Bradshaw Decl.

9    (Dkt. # 14-3) at 1; Mot. to Cert. at 9.)

10    On June 27, 2014, the United States removed this case to federal court and

11    substituted itself for Ms. Jones-Pfaff and Ms. Reichow under the Westfall Act, 28 U.S.C.

12    § 2679(d)(2), by certifying that Ms. Jones-Pfaff and Ms. Reichow were acting within the

13    scope of their federal employment at the times at issue in this lawsuit.  (*See* Not. of Rem.

14    (Dkt. # 1); Not. of Sub. & Cert. (Dkt. # 3).)  This certification was premised on the

15    contention that no tortious conduct actually occurred.  (*See* US Mot. to Dismiss (Dkt.

16    # 14) at 9-11; *see also* 8/27/14 Order (Dkt. # 38).)

17    On September 11, 2014, before Ms. Mansfield challenged the United States'

18    certification, the defendants for whom the United States had substituted itself ("the

19    displaced Defendants") brought a motion attacking Ms. Mansfield's claims against them

20    under Washington's anti-SLAPP statute.  (*See* anti-SLAPP Mot. (Dkt. # 40).)  The court

21    denied that motion on December 16, 2014, finding that the displaced Defendants were no

22    longer parties who could bring motions attacking Ms. Mansfield's claims.  (*See* 12/16/14

1   Order at 11-14.)  During the pendency of the anti-SLAPP motion, however, the displaced

2   Defendants insisted on a discovery stay that they believed was required by the anti-

3   SLAPP statute.  (*See* 1st Jacobson Decl. (Dkt. # 49-1) at 8, 10.)  In its order denying the

4   anti-SLAPP motion, the court noted that the appropriateness of the United States'

5   certification should be decided as soon as possible.  (12/16/14 Order at 14.)  To that end,

6   the court directed Ms. Mansfield to file her challenge to the United State's certification

7   by March 16, 2015.  (*See id.* at 15, 32.)

8           On March 16, 2015, Ms. Mansfield timely filed a motion challenging the United

9   States' certification and requesting an evidentiary hearing.  (Cert. Mot. (Dkt. # 63).)  The

10  United States responded (Cert. Resp. (Dkt. # 68)) and Ms. Mansfield filed a reply

11  memorandum (Cert. Reply (Dkt. # 73)).  The court then reviewed the parties' briefing,

12  considered the evidence and authorities submitted in support thereof, and heard oral

13  argument.  (OA Min. Entry (Dkt. # 91); OA Trans. (Dkt. # 98).)  At the close of oral

14  argument, the court ruled from the bench that Ms. Mansfield had failed to carry her

15  burden to show by a preponderance of the evidence that Ms. Jones-Pfaff and Ms.

16  Reichow had committed the alleged torts.  (*See* OA Trans. at 35-37, 39-40.)  The court

17  therefore denied Ms. Mansfield's motion and upheld the United States' certification.

18  (*See id.* at 37, 40.)

19          Within two weeks of the court's oral ruling, the parties filed the four motions now

20  before the court.  Ms. Mansfield's motion for reconsideration assigns error to the court's

21  decision not to hold an evidentiary hearing on her certification challenge and asks the

22  court to vacate its oral ruling.  (Mot. for Reconsid. at 1-3, 12.)  The United States' motion

1  for summary judgment asks the court to dismiss Ms. Mansfield's claims against the

2  United States for, among other reasons, failure to exhaust her administrative remedies as

3  required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  (MSJ at 2-

4  4.)  Ms. Mansfield's motion to certify requests that if the court denies her motion for

5  reconsideration, the court certify for immediate interlocutory appeal its decision not to

6  hold an evidentiary hearing, or in the alternative, enter final judgment on her claims

7  against Ms. Jones-Pfaff and Ms. Reichow.  (*See* Mot. to Cert. at 1, 11.)  Ms. Mansfield's

8  final motion asks the court to continue all case schedule deadlines, including the trial date

9  by 90 days in order to allow her sufficient time to conduct discovery on her remaining

10  claims.  (*See* Mot. to Cont. at 1; 2d Jacobson Decl. (Dkt. # 95-1).)  These motions are

11  now ripe for the court's consideration.

12  ### III.  DISCUSSION

13  **A.    Ms. Mansfield's Motion for Reconsideration**

14         Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored

15  and will ordinarily be denied unless there is a showing of (a) manifest error in the prior

16  ruling or (b) new facts or legal authority which could not have been brought to the

17  attention of the court earlier through reasonable diligence.  Local Rules W.D. Wash. LCR

18  7(h)(1).  Ms. Mansfield asks the court to reconsider its oral ruling on her challenge to the

19  United States' certification on the basis of what she alleges are three "manifest errors."

20  (Mot. for Reconsid. at 2-3.)  These three assignments of error all address the same

21  issue—whether the court was required to hold an evidentiary hearing before ruling on

22

1  Ms. Mansfield's certification challenge.  (*See id.*)  For the following reasons, the court

2  finds that Ms. Mansfield has not demonstrated manifest error in the prior ruling.

3      Ms. Mansfield's first assignment of error is that the court "misapprehended the

4  rule in [*Arthur v. United States*, 45 F.3d 292, 295 (9th Cir. 1995)], which required an

5  evidentiary hearing to resolve disputed material facts" concerning certification.  (Mot. at

6  2.)  In particular, Ms. Mansfield relies on the following passage from *Arthur*:  "[T]he

7  immunity [i.e., certification] issue should be decided at an early stage of the case, and a

8  motion for summary judgment on the immunity issue is an appropriate vehicle for

9  making that determination.  However, where disputed issues of fact exist relevant to

10  immunity, summary judgment will not be appropriate until the district court has held an

11  evidentiary hearing and resolved the disputes by formal findings."  45 F.3d at 295

12  (internal citations omitted); (Mot. for Reconsid. at 3.)

13      There are several problems with Ms. Mansfield's argument.  First, it is not clear

14  that *Arthur* requires the court to analyze all certification challenges under the rubric of a

15  motion for summary judgment, or to hold an evidentiary hearing whenever the parties

16  dispute material facts.  For instance, in addition to the above-quoted language, the *Arthur*

17  court also held that "when a district court is reviewing a certification question under the

18  Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision

19  before entering its order.  In doing so, it should hold such hearings as appropriate

20  (including an evidentiary hearing if necessary) . . . ."  45 F.3d at 296.  This statement

21

22

1  indicates that an evidentiary hearing may not always be necessary even when the court is

2  "resolv[ing] disputed issues of fact necessary to its [certification] decision." *Id.*[3]

3      Second, the court would deny Ms. Mansfield's challenge to the United States'

4  certification without an evidentiary hearing even if *Arthur* requires district courts to

5  analyze certification challenges as motions for summary judgment and hold evidentiary

6  hearings anytime the challenger raises a genuine dispute of material fact.  The court

7  would reach this result because Ms. Mansfield failed to raise a genuine dispute as to any

8  fact material to certification.  In the context of summary judgment, a fact is material if it

9  might affect the outcome of the litigation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

10  248 (1986).  A factual dispute is genuine "only if there is sufficient evidence for a

11  reasonable fact finder to find for the non-moving party."  *Far Out Prods. v. Oskar*, 247

12  F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).  When deciding

13  whether a dispute is genuine, the court must consider which party bears the burden of

14  proof on the fact in question.  *See Anderson*, 477 U.S. at 252-55.

15      For all the reasons the court discussed at oral argument, Ms. Mansfield failed to

16  create a genuine dispute of material fact regarding whether any tortious conduct actually

17  occurred.  The court found at oral argument that Ms. Mansfield had not carried her

18  burden to prove the alleged torts on a more-probable-than-not basis.  (*See* OA Trans. at

19

20  [3] Furthermore, the court notes that Ms. Mansfield neither cited *Arthur* in her motion
challenging certification or reply (*see* Certification Mot.; Certification Reply), nor argued that

21  the motion should be evaluated under a summary judgment framework (*see id.*), nor objected at
oral argument when the court stated that it was not required to hold an evidentiary hearing and

22  was not treating Ms. Mansfield's motion as a motion for summary judgment (*see* OA Trans. at
36).

ORDER- 8

1    35-39.)  Nevertheless, the court based its ruling primarily on the absence of evidence in

2    favor of Ms. Mansfield's position.  (*See id.*)  Indeed, the court specifically noted its

3    reliance on Ms. Mansfield's deposition statement that she does not know who assaulted

4    her but only suspects it was Ms. Jones-Pfaff.  (*See id.* at 35-37.)  The court also stated

5    several times that Ms. Mansfield's circumstantial evidence did not permit it to conclude

6    that tortious conduct occurred.  (*See id.* at 35 ("[T]here was insufficient evidence

7    presented to reach that conclusion [that Ms. Jones-Pfaff assaulted Ms. Mansfield] . . . ."),

8    38 (stating that Ms. Mansfield's attack on the VA police investigation was "insufficient

9    to . . . create[] the belief that Ms. [Jones-]Pfaff was the person who committed the alleged

10   assault"), 39 (finding that Ms. Jones-Pfaff's and Ms. Reichow's statements about Ms.

11   Mansfield do not "support the finding that there was a civil conspiracy or a series of

12   lies").  These same factors lead the court to conclude that, even viewing the evidence in

13   the light most favorable to Ms. Mansfield, a reasonable fact-finder could not find that the

14   alleged tortious conduct more probably than not took place.  *See Anderson*, 477 U.S. at

15   248-55; *Arthur*, 45 F.3d at 295.  Accordingly, the court rejects Ms. Mansfield's first

16   assignment of error, because even under Ms. Mansfield's interpretation of *Arthur*, Ms.

17   Mansfield was not entitled to an evidentiary hearing.

18        Ms. Mansfield's second and third assignments of error likewise fail to show a

19   basis for reconsideration of the court's prior order.  Her second assignment of error faults

20   the court for not making credibility findings, which she suggests the Supreme Court's

21   opinion in *Osborn v. Haley*, 549 U.S. 225 (2007), invariably requires in certification

22   challenges.  (*See* Mot. for Reconsid. at 4-7 (citing *Osborn*, 549 U.S. at 251-52).)  Yet

1   *Osborn* contains no such requirement.  Rather the *Osborn* Court observed that in that

2   particular case the validity of the United States' certification would likely turn on issues

3   of credibility.  *Osborn*, 549 U.S. at 251-52.  Ms. Mansfield fails to demonstrate that this

4   case is similar to *Osborn* in that respect or that *Osborn* requires courts to make findings

5   regarding credibility; therefore, the court rejects her second assignment of error.

6        Ms. Mansfield's third assignment of error is based on the effect the court's oral

7   ruling might have on her remaining claims.  (*See* Mot. for Reconsid. at 7.)  Although her

8   argument here is not clear, she appears to reason as follows:  Ms. Mansfield's First

9   Amendment claim hinges on Dr. Palmer's motive for attempting to get Ms. Mansfield

10  fired; to show a speech-based motive and refute a legitimate motive, Ms. Mansfield must

11  show that she did not fabricate her assault claim; the court's oral ruling hinders her ability

12  to do this because the ruling establishes that Ms. Jones-Pfaff did not assault Ms.

13  Mansfield; questions of motive, however, cannot be resolved without a jury trial or an

14  evidentiary hearing where the plaintiff has any evidence of an improper motive; Ms.

15  Mansfield has some evidence of speech-based motive; therefore, it was error for the court

16  not to hold an evidentiary hearing before making a determination that will inhibit Ms.

17  Mansfield's ability to prove a speech-based motive.  (*See id.* at 7-9.)  This chain of

18  reasoning boils down to an argument that the court must hold an evidentiary hearing

19  whenever determination of the certification issue will impact the plaintiff's ability to

20  prove motive on one of her other claims against other defendants.  (*See id.*)

21       Ms. Mansfield provides no authority to support this proposition.  Although she

22  cites several cases, none of them involves a certification dispute.  *See Goodwin v. Hunt*

1   *Wesson, Inc.*, 150 F.3d 1217, 1219-22 (9th Cir. 1998); *Lindhal v. Air France*, 930 F.2d

2   1434, 1435-38 (9th Cir. 1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1002-09 (9th

3   Cir. 1985).  Instead, all of Ms. Mansfield's cases deal with summary judgment motions in

4   garden-variety employment discrimination cases.  *See id.*  These cases hold that

5   discriminatory motive is a question for the jury when the plaintiff produces sufficient

6   evidence that the employer's stated motivation was a pretext for discrimination.  They

7   have nothing to say, however, about the court's obligation to hold an evidentiary hearing

8   on Westfall Act certification challenges when the certification determination might

9   impact the plaintiff's ability to argue a pretextual motive to a jury with respect to a

10  different claim against a different defendant.  *See id.*; *see also Osborn*, 549 U.S. at 251-

11  53.  Thus, the court rejects Ms. Mansfield's third assignment of error.

12          In sum, Ms. Mansfield provides no basis for reconsideration of the court's order

13  rejecting her challenge to the United States' certification without an evidentiary hearing.

14  *See* Local Rules W.D. Wash. LCR 7(h)(1).  The court therefore DENIES Ms. Mansfield's

15  motion for reconsideration.  Ms. Mansfield failed to disprove the United States'

16  certification that Ms. Jones-Pfaff and Ms. Reichow did not engage in the tortious conduct

17  alleged by Ms. Mansfield.  She also failed to produce evidence sufficient to create a

18  genuine dispute of material fact with respect to the correctness of the United States'

19  certification.  Accordingly, the United States' certification stands.

20  **B.     The United States' Motion for Summary Judgment**

21          Summary judgment is appropriate if the evidence, when viewed in the light most

22  favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to

ORDER- 11

1    any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

2    P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*,

3    477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing

4    there is no genuine issue of material fact and that he or she is entitled to prevail as a

5    matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party meets his or her burden,

6    then the nonmoving party "must make a showing sufficient to establish a genuine dispute

7    of material fact regarding the existence of the essential elements of his case that he must

8    prove at trial" in order to withstand summary judgment.  *Galen*, 477 F.3d at 658.

9        The Westfall Act provides that upon substitution of the United States the suit

10   becomes a suit against the United States governed by the FTCA.  28 U.S.C. § 2679(d)(2).

11   The FTCA, in turn, requires that no action shall "be instituted upon a claim against the

12   United States for money damages . . . unless the claimant shall have first presented the

13   claim to the appropriate Federal agency and his claim shall have been finally denied by

14   the agency . . . ."  28 U.S.C. § 2675(a).  In addition, a plaintiff must present her claim to

15   the appropriate federal agency within two years of the date on which the claim accrues.

16   *Staples v. United States*, 740 F.2d 766, 768 (9th Cir. 1984) (citing 28 U.S.C. § 2401(b)).

17   If the plaintiff fails to follow this procedure, her claims against the United States are

18   subject to dismissal.  *See Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992).

19   In its motion for summary judgment, the United States argues that Ms. Mansfield's

20   claims against it should be dismissed because she has failed to file a claim with the VA

21   and more than two years have passed since her claims accrued.  (MSJ at 2-4.)

22

ORDER- 12

1    The court agrees with the United States and GRANTS its motion for summary

2    judgment.  The undisputed facts show that Ms. Mansfield has never filed a claim with the

3    VA (MSJ at 3; Bradshaw Decl. at 1), and that more than two years have passed since her

4    claims accrued (*see* 3d Am. Copml. ¶¶ 12, 19, 21 (alleging that the events at issue in this

5    lawsuit took place in the spring and summer of 2011).  Furthermore, the court notes that

6    Ms. Mansfield does not contest the United States' motion.  (*See* Mot. to Cert. at 9 ("The

7    USA's motion to dismiss USA under the federal 2 year limitations period is before the

8    court.  (Dkt. 94)  It is self evident [sic] that Mansfield's tort claims were filed three years

9    after March 2011 and will be dismissed under the federal limitations rule.").)  The United

10   States is therefore entitled to judgment as a matter of law on Ms. Mansfield's claims

11   against it.

12   **C.     Ms. Mansfield's Motion to Certify**

13         Ms. Mansfield asks the court to certify an interlocutory appeal under 28 U.S.C.

14   § 1292(b) or, in the alternative, to enter final judgment under Federal Rule of Civil

15   Procedure 54(b).  (*See* Mot. to Cert. at 1.)  With both requests, Ms. Mansfield seeks to

16   expedite her appeal on the issue of whether the court was required to grant her an

17   evidentiary hearing before resolving her challenge to the United States' certification.

18   (*See id.* at 4-5, 7, 9-11.)  The court denies Ms. Mansfield's motion.

19         1.   Certificate of appealability under 28 U.S.C. § 1292(b)

20         Pursuant to 28  U.S.C. § 1292(b), the court may certify for appeal an otherwise

21   non-appealable order where "such order involves a controlling question of law as to

22   which there is substantial ground for difference of opinion and . . . an immediate appeal

1   from the order may materially advance the ultimate termination of the litigation."  28

2   U.S.C. § 1292(b).  The "question of law" element of Section 1292(b) requires "an

3   abstract legal issue" that the court of appeals can "decide quickly and cleanly without

4   having to study the record."  *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674,

5   677 (7th Cir. 2000); *Simmons v. Akanno*, No. 1:09-cv-00659-GBC (PC), 2011 WL

6   1566583, at *3 (C.D. Cal. Apr. 22, 2011) (citing *Estate of Kennedy v. Bell Helicopter*

7   *Textron, Inc.*, 283 F.3d 1107, 1116 (9th Cir. 2002); *Ahrenholz*, 219 F.3d at 677).  Ms.

8   Mansfield's motion falters on this requirement.  The theory of Ms. Mansfield's proposed

9   appeal would be that courts must evaluate certification challenges as motions for

10  summary judgment and hold evidentiary hearings whenever there is a genuine dispute of

11  material fact.  (*See* Mot. to Cert. at 4-5, 7, 9-11; Mot for Reconsid. at 3-4.)  Even

12  assuming that the Ninth Circuit agrees with Ms. Mansfield on that score, however, the

13  Ninth Circuit could not resolve whether an evidentiary hearing was required in this case

14  without sifting through the record to determine whether Ms. Mansfield raised a genuine

15  dispute of material fact.  As such, Ms. Mansfield's proposed appeal does not involve a

16  controlling question of law under Section 1292(b), and therefore a certificate of

17  appealability is inappropriate here.  *See Schoenborn v. Stryker Corp.*, Civ. No. 08-1419-

18  AA, 2011 WL 5881647, at *1-2 (D. Or. Nov. 21, 2011) (citing *Ahrenholz*, 219 F.3d at

19  676-77) (explaining that "whether the party opposing summary judgment ha[s] raised a

20  genuine issue of material fact" is not a "question of law" under Section 1292(b)).

21      2.  Final judgment under Fed. R. Civ. P. 54(b)

22  Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  The Supreme Court has enumerated a two-part test for determining whether a court may enter a final judgment pursuant to Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980).  First, the court must determine that it is dealing with a final judgment.  *Id.* at 7.  Second, the court must determine whether there is any just reason for delay.  *Id.* at 8.  "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."  *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).  The court finds that just reason exists to delay and therefore does not address whether it is dealing with a final judgment.

Ms. Mansfield argues that there is no just reason to delay her appeal from the court's certification ruling because immediate appeal would conserve judicial and party resources.  (*See* Mot. to Cert. at 9-11.)  Specifically, she contends that her dismissed claims and her still-pending First Amendment claims are sufficiently related such that a reversal by the Ninth Circuit on the certification issue might require a retrial of her First Amendment claims.  (*See id.* at 4-5, 9-11.)  Given that trial is only a few months away (*see* Sched. Ord. (Dkt. # 47) at 1 (setting trial for October 19, 2015)), Ms. Mansfield's argument assumes that the court will stay the remainder of the case while an appeal is pending.  As such, although Ms. Mansfield does not explicitly request a stay, the court

1   interprets Ms. Mansfield's motion as requesting both a final judgment under Rule 54(b)

2   and a stay.

3         Viewing Ms. Mansfield's motion in this light, the court finds that just reasons

4   exist to delay Ms. Mansfield's appeal.  *See Curtiss-Wright Corp.*, 446 U.S. at 8.  In

5   particular, the court finds that entering final judgment and a stay would unduly prejudice

6   Dr. Palmer and Ms. Fletcher.  This case has been pending for over a year and is now

7   entering its final stages.  (*See generally* Dkt.)  Dr. Palmer and Ms. Fletcher are in the

8   process of preparing a dispositive motion.  (Resp. re Cont. at 7.)  A stay pending appeal

9   would halt Dr. Palmer and Ms. Fletcher's pre-trial work at a late stage, keep the claims

10  against them hanging over their heads for a considerable time, and might not result in any

11  clarification as to those claims.  The court finds, therefore, that just reason exists to delay

12  appeal of the court's certification ruling.  *See also Wood v. GCC Bend, LLC*, 422 F.3d

13  873, 879 (9th Cir. 2005) ("Because [plaintiff's] case is itself routine and partial

14  adjudication of one of several related claims or issues is likewise routine, granting her

15  Rule 54(b) request does not comport with the interests of sound judicial administration.").

16  Accordingly, the court DENIES Ms. Mansfield's motion to certify in its entirety.

17  **D.    Ms. Mansfield's Motion to Continue**

18        Ms. Mansfield requests a 90-day extension of the remaining case schedule

19  deadlines, beginning with the June 22, 2015, discovery cutoff through the October 19,

20  2015, trial date.  (*See* Mot. to Cont. at 1.)  She argues that such an extension is

21  appropriate owing to various factors outside her control that have limited her ability to

22  conduct discovery.  (*See id.*; *see also* 2d Jacobson Decl. ¶ 2.)  In particular, Ms.

ORDER- 16

1    Mansfield identifies the following factors:  "a 6 month state-law discovery-blackout

2    period" imposed unilaterally by Defendants in connection with their anti-SLAPP motion;

3    the "primacy given by the court to determining the *Osborne* [sic] certification issues once

4    the court ordered discovery to commence" after ruling on the anti-SLAPP motion;

5    Defendants' lack of cooperation regarding certain discovery requests; time spent on post-

6    certification-hearing motions; and the need for further discovery, including "up to a

7    dozen depositions."  (2d Jacobson Decl. ¶ 2.)  Ms. Mansfield asserts that these factors

8    have reduced her discovery period to an unreasonably short time.  (*Id.* ¶¶ 1-2.)

9        Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be

10   modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good

11   cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify

12   the pre-trial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

13   607-08 (9th Cir. 1992).  Parties must "diligently attempt to adhere to that schedule

14   throughout the subsequent course of the litigation."  *Jackson v. Laureate, Inc.*, 186

15   F.R.D. 605, 607 (E.D. Cal. 1999).  Furthermore, the court's scheduling order in this case

16   warned the parties that the deadlines it provided are "firm dates" that can be changed

17   only by court order and only "upon good cause shown:  failure to complete discovery

18   within the time allowed is not recognized as good cause."  (Sched. Ord. at 2.)

19       Ms. Mansfield has failed to show good cause for an extension of the remaining

20   case schedule deadlines.  First, Ms. Mansfield appears to have exaggerated several of her

21   claimed obstacles to discovery—in particular, she offers no evidence to show that a six-

22   month discovery blackout occurred.  (2d Jacobson Decl. ¶ 2.)  Although Defendants

ORDER- 17

1  insisted on a stay of discovery while their anti-SLAPP motion was pending, that stay

2  lasted from September 11, 2014, when Defendants filed their anti-SLAPP motion, to

3  December 16, 2014, when the court resolved the anti-SLAPP motion.  (*See* 1st Jacobson

4  Decl. at 8, 10; anti-SLAPP Mot.; 12/16/14 Order; Resp. re Cont. at 4; Berntsen Decl.

5  (Dkt. # 100) ¶ 3.)  This period barely exceeds three months.[4]  In addition, several of Ms.

6  Mansfield's alleged obstacles have been self-imposed—she decided, against the

7  suggestion of defense counsel, not to conduct discovery on her First Amendment claims

8  between December 16, 2014, and March 16, 2015 (*see* Berntsen Decl. ¶ 5, at 7-8), and

9  she chose to file three motions in the wake of the court's ruling on her certification

10 challenge.[5]  Finally, Ms. Mansfield has neglected to identify 7 of the 12 witnesses whose

11 depositions she contends remain to be taken (*see* Resp. re Cont. at 3; Mot. to Cont.; 2d

12 Jacobson Decl.), and has not explained why she has been unable to fit any particular

13 deposition within the remaining time for discovery (*see* Mot. to Cont.; 2d Jacobson

14 Decl.).

15 

16    [4] The court also notes that the current discovery deadline was set according to the parties'
17 request in their joint status report.  (*See* Sched. Ord. at 2; JSR (Dkt. # 45) at 5.)  That report was
   signed and filed on September 19, 2014, eight days after Defendants filed the anti-SLAPP
18 motion and seven days after Defendants had informed Ms. Mansfield of their belief that a
   statutory discovery stay would be in place during the pendency of the anti-SLAPP motion.
   (*Compare* JSR at 1 *with* anti-SLAPP Mot. at 1 *and* 1st Jacobson Decl. at 8, 10.)  Thus, at the
19 time Ms. Mansfield requested the present discovery cutoff date, she knew that Defendants
   intended to insist on an anti-SLAPP discovery stay.

20    [5] The court finds little merit in Ms. Mansfield's suggestion that the United States' motion
21 for summary judgment has unduly restricted her ability to conduct discovery (*see* 2d Jacobson
   Decl. ¶ 2 ("[D]efendant USA has filed one post-Osborne [sic] motion . . . to intrude upon more
   days of the discovery period.")), as she has not filed a response to that motion and has admitted
22 in other filings that she does not oppose it (*see* Dkt.; Mot. to Cert. at 9).

1    In sum, Ms. Mansfield has not shown that despite her diligence she is unable to

2    complete discovery within the time allowed by the court's scheduling order.  *See*

3    *Johnson*, 975 F.2d at 607-08.  Accordingly, the court finds that Ms. Mansfield has not

4    demonstrated good cause for a modification of the scheduling order.  *See id.*; Fed. R. Civ.

5    P. 16(b)(4); (Sched. Ord. at 2.)  The court therefore denies her motion to continue.

6    **IV.    CONCLUSION**

7    For the foregoing reasons, the court DENIES Ms. Mansfield's motion for

8    reconsideration (Dkt. # 97), GRANTS the United States' motion for summary judgment

9    (Dkt. # 94), DENIES Ms. Mansfield's motion to certify (Dkt. # 96), and DENIES Ms.

10   Mansfield's motion to continue (Dkt. # 95).  The court therefore DISMISSES the claims

11   against Defendants the United States, Ms. Jones-Pfaff, and Ms. Reichow with prejudice.

12   (*See also* OA Min. Entry; OA Trans.)

13   Dated this 17th day of June, 2015.

14

15

16   _____

17   JAMES L. ROBART
     United States District Judge

18

19

20

21

22

ORDER- 19